UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ASSOCIATION FOR EDUCATION
FINANCE AND POLICY, INC.; THE
INSTITUTE FOR HIGHER EDUCATION
POLICY,

    Plaintiffs,

        v.

LINDA MCMAHON, in her official
capacity as Secretary of Education; U.S.
DEPARTMENT OF EDUCATION,

    Defendants.

Civil Action No. 25-999 (TNM)

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' motion for a preliminary injunction, the opposition thereto, and the full record in this case, it is hereby ORDERED that the motion is GRANTED.

It is further ORDERED that, until further order of this Court:

1. Defendants shall maintain and shall not delete, destroy, remove, or impair any data or other records of the Institute for Educational Services (IES) covered by the Federal Records Act and/or 20 U.S.C. § 9574, except in accordance with the procedures described in 44 U.S.C. ch. 33;

2. Defendants shall reinstate any IES research, data collection, or dissemination activity that was terminated, halted, or paused since February 9, 2025, and may not terminate any IES research, data collection, or dissemination activity absent an individualized assessment as to its impact on IES's performance of its statutory obligations, a consideration of the impact of any such actions on researchers or the public, including any reliance interests, and a plan for the orderly

winddown of such activity, including for the transfer and/or preservation of data. To ensure that this Court can award full relief at the end of the case, Defendants may not finalize the termination of any such program.

    3. Defendants shall restore to active work status any IES employee who was informed on or around March 11, 2025, that they would be subjected to a reduction-in-force or who was otherwise placed on administrative leave on or after that date, except any employee who Defendants have concluded, based on an individualized assessment, is unnecessary to the performance of IES's statutory duties.

    3. Defendants shall not terminate any IES employee, except for cause related to the specific employee's performance or conduct, absent a determination, after a particularized assessment, that that employee is unnecessary to the performance of IES's statutory duties.

    4. Defendants shall not issue any notice of reduction-in-force to any IES employee absent a determination, after a particularized assessment, that that employee is unnecessary to the performance of IES's statutory duties.

    5. Defendants shall rescind all notices of termination with respect to IES issued on or after February 9, 2025, and may not reinitiate the wholesale cancellation of contracts. This provision does not prohibit Defendants from ordering that work or services under specific contracts be halted based on an individualized assessment that the contract involved is unnecessary for IES to fulfill its statutory functions. To ensure that this Court can award full relief at the end of the case, however, Defendants may not finalize the termination of any contract.

    6. Defendants shall suspend their February 10, 2025, notice terminating the remote access program for restricted-use data, and may not otherwise suspend said program or licenses issued in accordance with that program on a mass basis.

**SO ORDERED.**

Dated: _____, 2025

                                                                                 _____
TREVOR N. McFADDEN
United States District Judge