UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATION FOR EDUCATION FINANCE AND POLICY, INC.; THE INSTITUTE FOR HIGHER EDUCATION POLICY,<br><br>Plaintiffs,<br><br>v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of Education; U.S. DEPARTMENT OF EDUCATION,<br><br>Defendants. | Civil Action No. 25-999 (TNM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Association for Education Finance and Policy, Inc. and the Institute for Higher Education Policy submit this notice to advise the Court of two relevant decisions issued after the completion of briefing on their pending motion for a preliminary injunction (ECF 6).

In *Rhode Island v. Trump*, __ F. Supp. 3d __, 2025 WL 1303868 (D.R.I. May 6, 2025), the district court granted plaintiffs' motion for a preliminary injunction in a case involving mass reductions-in-force and terminations of grants and contracts at three small federal agencies. In so doing, the court rejected arguments, similar to those advanced by Defendants in this case, that the Tucker Act and the Civil Service Reform Act precluded district court jurisdiction under the Administrative Procedure Act. *Id.* at *5–8. In addition, addressing arguments similar to those of Plaintiffs here, the court held that the agencies' terminations of programs and activities were likely arbitrary and capricious, and contrary to both the organic statutes creating the agencies and relevant appropriations laws. *Id.* at *8–14. In so holding, the court also rejected threshold jurisdictional

arguments similar to those asserted by Defendants here. *Id.* The court entered a preliminary injunction on May 13, 2025, which is attached as Exhibit A.

In *AIDS Vaccine Advocacy Coalition v. U.S. Department of State*, Civ. No. 25-00400 (AHA), 2025 WL 1380421 (D.D.C. May 13, 2025), the defendants had asked the district court to issue an indicative ruling with respect to its earlier order, now on appeal, entering a preliminary injunction with respect to suspension of foreign assistance funding. Specifically, the defendants asked the court to indicate that, if a portion of the preliminary injunction were returned to the district court, the court would reconsider its earlier order holding that the claims before it were not contract claims under the Tucker Act and lift a portion of the injunction, in light of the stay order in *Department of Education v. California*, 145 S. Ct. 966 (2025). *Id.* at *1. In denying the motion for an indicative ruling, the district court explained that "the APA claim in *Department of Education* was premised on the terms of individual grants" and that the Supreme Court's stay did not suggest that the Tucker Act bars claims, like those in *AVAC* and in this case, that were not premised on contractual obligations. *Id.* at *3.

Dated: May 14, 2025

Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver (DC Bar No. 1020475)
Karla Gilbride (DC Bar No. 1005886)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
apulver@citizen.org

*Attorneys for Plaintiffs*