**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASSOCIATION FOR EDUCATION FINANCE AND POLICY, INC.; THE INSTITUTE FOR HIGHER EDUCATION POLICY, | |
| Plaintiffs, | Civil Action No. 25-999 (TNM) |
| v. | |
| LINDA MCMAHON, in her official capacity as Secretary of Education; U.S. DEPARTMENT OF EDUCATION, | |
| Defendants. | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Association for Education Finance and Policy, Inc. and the Institute for Higher Education Policy submit this notice to advise the Court of a decision in *New York v. McMahon*, No. 25-10601-MJJ (D. Mass. May 22, 2025), appeal filed, No. 25-1495 (1st Cir. May 22, 2025), a copy of which is attached. In *New York*, the plaintiffs challenge the reductions-in-force announced by the Department of Education in March 2025. The court today issued a preliminary injunction barring the Department from carrying out those reductions-in-force. The reduction-in-force as to one component of the Department, the Institute of Education Sciences, is one of the agency actions challenged by Plaintiffs in this case.

Several aspects of the *New York* opinion concern issues raised in this case, including its rejection of channeling arguments, Op. at 42–45; its discussion of the plaintiffs' *ultra vires* claims, *id.* at 46–52; and its discussion of the merits of the plaintiffs' Administrative Procedure Act claims, including the final agency action requirement, *id.* at 52–63.

While the injunction in *New York* includes one form of relief sought by Plaintiffs here, that injunction does not moot Plaintiffs' request for relief. For one, the injunction has no impact on Defendants' decision to halt activities previously performed by contractors, including the NPSAS 2024 and ECLS:K-2024 studies, or the restricted-use data remote access program, scheduled to be terminated June 1. In addition, even as to the reductions-in-force, "the existence of another injunction—particularly one in a different circuit that could be overturned or limited at any time— does not negate [plaintiffs'] claimed irreparable harm." *California v. HHS*, 390 F. Supp. 3d 1061, 1066 (N.D. Cal. 2019); *see also Whitman-Walker Clinic, Inc. v. HHS*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020) (recognizing propriety of "follow-on injunction"). This is particularly true here, given that the Department has already appealed the *New York* decision.

Dated: May 22, 2025                    Respectfully submitted,

                                       /s/ Adam R. Pulver
                                       Adam R. Pulver (DC Bar No. 1020475)
                                       Karla Gilbride (DC Bar No. 1005886)
                                       Public Citizen Litigation Group
                                       1600 20th Street NW
                                       Washington, DC 20009
                                       (202) 588-1000
                                       apulver@citizen.org

                                       *Attorneys for Plaintiffs*